UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR DWIGHT HOLLIN, JR., <br><br> Plaintiff, <br><br> v. <br><br> CITY AND COUNTY OF SAN FRANCISCO, et al., <br><br> Defendants. | Case No. 14-cv-01609-JD <br><br> **ORDER GRANTING MOTION TO DISMISS AND DISMISSING CASE FOR FAILURE TO PROSECUTE** <br><br> Re: Dkt. No. 8 |

## INTRODUCTION

Defendants City and County of San Francisco ("CCSF") and Mohammed Nuru filed a Motion to Dismiss Plaintiff Oscar Dwight Hollin, Jr.'s Complaint. *See* Dkt. No. 8. Mr. Hollin, who is litigating this action pro se, did not file a response to CCSF and Mr. Nuru's motion. The Court vacated the hearing on this motion and issued an Order to Show Cause why the Motion to Dismiss should not be granted. Dkt. Nos. 21, 22. The Order to Show Cause required Mr. Hollin to respond by July 14, 2014, and stated that his failure to respond could result in this case being dismissed for failure to prosecute. Dkt. No. 21. Mr. Hollin did not respond to the Order to Show Cause. The Court now grants CCSF and Mr. Nuru's Motion to Dismiss and dismisses this case -- without prejudice -- for failure to prosecute.

## BACKGROUND

On June 6, 2013, Mr. Hollin filed a complaint against CCSF, Mr. Nuru (in his capacity as the Deputy Director of Public Works for CCSF), the San Francisco League of Urban Gardeners ("SLUG"), Johnathan Gomwalk, and Earnest Lunu in San Francisco City and County Superior Court. Dkt. No. 1, Ex. A. On April 8, 2014, CCSF removed the case to this Court. Dkt. No. 1. The complaint alleges claims under 42 U.S.C. §§ 1981 and 1983, and violations of California

Labor Code §§ 1101 and 1102. Dkt. No. 1, Ex. A. The prayer for relief requests declaratory relief, lost wages and other compensation, compensatory damages, attorneys' fees and costs, and interest on damages. *Id.* The gravamen of Mr. Hollin's complaint is that in 2003, while he was working as part of a street cleaning crew for SLUG, a non-profit organization funded by the San Francisco Public Works Department, he was forced to fill out an absentee voting ballot for Gavin Newsom, walk precincts, knock on doors, and distribute campaign literature for Gavin Newsom's campaign office, and then suffered retaliation after speaking to the press about his experiences. *Id*.

In the Motion to Dismiss, CCSF and Mr. Nuru assert that all of Mr. Hollin's claims are time barred because all of the conduct that Mr. Hollin describes in his complaint occurred in 2003 and none of the claims in the complaint have a statute of limitations longer than four years. *See* Dkt. No. 8. CCSF and Mr. Nuru also contend that Mr. Hollin's claim for wrongful termination fails to state a claim against the CCSF Defendants, and that Mr. Hollin's alleged California Labor Code claims against Mr. Nuru fail as a matter of law because those claims can be brought only against an employer, not an individual supervisor. *Id.* CCSF and Mr. Nuru assert that these and other pleading deficiencies cannot be cured, and because amendment would be futile, the Court should dismiss Mr. Hollin's complaint with prejudice. *Id.*

Mr. Hollin did not file an opposition to CCSF and Mr. Nuru's Motion to Dismiss within the required time as provided by Civil Local Rule 7-3. Under Rule 7-3, any opposition or statement of non-opposition must be filed by no later than 21 days before the noticed hearing date. On July 3, 2014, the Court issued an Order to Show Cause, ordering Mr. Hollin to show cause why CCSF and Mr. Nuru's Motion to Dismiss should not be granted, and warned that his failure to respond could result in this action being dismissed for failure to prosecute and the Motion to Dismiss being granted. Dkt. No. 21. Mr. Hollin did not respond to the Order to Show Cause.

**DISCUSSION**

Federal Rule of Civil Procedure 41(b) provides the Court with authority to dismiss a case for failure to comply with any of its orders. Fed. R. Civ. P. 41(b); *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). A party's failure to file an opposition to a motion to dismiss in accordance with the Civil Local Rules, alone, is grounds for dismissal. *See Espinosa v.*

2

*Washington Mut. Bank*, No. C 10-04464 SBA, 2011 WL 334209, at *1 (N.D. Cal. Jan. 31, 2011) (dismissing case for failing to oppose motions to dismiss and failing to comply with the court's scheduling orders) (citing *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming district court's dismissal for failure to respond to motion to dismiss)). "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Id.* (citing *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002)).

These factors weigh in favor of dismissal. Mr. Hollin failed to respond to CCSF and Mr. Nuru's Motion to Dismiss in compliance with the Local Rules and then subsequently failed to respond to the Court's Order to Show Cause. With respect to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (citing *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). For the second factor, the Court must be able to manage its docket "without being subject to routine noncompliance of litigants." *Pagtalunan*, 291 F.3d at 642; *see also Ferdik*, 963 F.2d at 1261 (discussing that non-compliance with a court's order diverts "valuable time that [the court] could have devoted to other major and serious criminal and civil cases on its docket."). For the third factor, due to Mr. Hollin's failure to respond to either the Motion to Dismiss or this Court's Order to Show Cause, he has offered no explanation for his failure. This weighs strongly in favor of dismissal. *See Espinosa*, 2011 WL 334209, at *2. With respect to the fourth factor, the Court already issued an Order to Show Cause, which provided Mr. Hollin with additional notice of the pending motion to dismiss, as well as additional time to respond to the merits of that motion. *See* Dkt. No. 9. The Court's issuance of the Order to Show Cause satisfies the consideration of less drastic sanctions requirement. *See Ferdik*, 963 F.2d at 1262. Although the fifth factor -- the public policy favoring disposition of cases on their merits -- might weigh against dismissal on its own, the cumulative weight of the other factors overrides it. *See Pagtalunan*, 291 F.3d at 643 (finding district court did not abuse its discretion in dismissing case where three of the five factors weighed in favor of dismissal).

3

**CONCLUSION**

Because the relevant factors weigh overall in favor of granting the unopposed motion to dismiss, the Court grants that motion and dismisses this case in its entirety. This dismissal, however, is without prejudice.[1] Mr. Hollin may file an Amended Complaint that addresses the issues raised in CCSF and Mr. Nuru's Motion to Dismiss -- specifically whether all of his claims are time barred -- within the next 30 days. Mr. Hollin's failure to file an Amended Complaint within that time period will lead to dismissal of this case with prejudice for failure to prosecute.

Mr. Hollin should be aware that there is free legal assistance available to litigants without lawyers in federal court. Assistance at the Legal Help Center is available to anyone who is representing him- or herself in a civil lawsuit in the San Francisco or Oakland divisions of the United States District Court for the Northern District of California. The Legal Help Center is located in the federal courthouse in San Francisco: 450 Golden Gate Avenue, 15th Floor, Room 2796. Assistance is provided by appointment only, and appointments are held in person at the Legal Help Center. A litigant may schedule an appointment by signing up in the appointment book located on the table outside the door of the Center or by calling the Legal Help Center appointment line at 415-782-8982. Mr. Hollin is encouraged to seek assistance from the Legal Help Center in amending the complaint.

**IT IS SO ORDERED.**

Dated: July 21, 2014

_____
JAMES DONATO
United States District Judge

---

[1] Dismissal with prejudice of a complaint under Rule 41(b) is a "harsh penalty that should be imposed only in extreme circumstances." *Ferdik*, 963 F.2d at 1260.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR DWIGHT HOLLIN, JR., <br><br> Plaintiff, <br><br> v. <br><br> CITY AND COUNTY OF SAN FRANCISCO, et al., <br><br> Defendants. | Case No. 14-cv-01609-JD <br><br> **CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 7/22/2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Oscar Dwight Hollin, Jr.
642 South 52d Street
Richmond
, CA 94804

Dated: 7/22/2014

Richard W. Wieking
Clerk, United States District Court

By:_____
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO