UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR DWIGHT HOLLIN, JR., <br><br> Plaintiff, <br><br> v. <br><br> CITY AND COUNTY OF SAN FRANCISCO, et al., <br><br> Defendants. | Case No. 14-cv-01609-JD <br><br> **ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE** |

## INTRODUCTION

Defendants City and County of San Francisco ("CCSF") and Mohammed Nuru filed a Motion to Dismiss Plaintiff Oscar Dwight Hollin, Jr.'s Complaint. *See* Dkt. No. 8. Mr. Hollin, who is litigating this action pro se, did not file a response to CCSF and Mr. Nuru's motion. The Court vacated the hearing on the motion and issued an Order to Show Cause why the Motion to Dismiss should not be granted. Dkt. Nos. 21, 22. The Order to Show Cause required Mr. Hollin to respond by July 14, 2014, and stated that his failure to respond could result in this case being dismissed for failure to prosecute. Dkt. No. 21. Mr. Hollin did not respond to the Order to Show Cause. On July 22, 2014, the Court granted CCSF and Mr. Nuru's Motion to Dismiss and dismissed this case -- without prejudice -- for failure to prosecute. Dkt. No. 24. Mr. Hollin was ordered to file an amended complaint within 30 days or the Court would dismiss this case with prejudice for failure to prosecute. *Id.* Because no amended complaint was filed in that period, this case is dismissed with prejudice.

## DISCUSSION

Federal Rule of Civil Procedure 41(b) provides the Court with authority to dismiss a case for failure to comply with any of its orders. Fed. R. Civ. P. 41(b); *see Ferdik v. Bonzelet*, 963 F.2d

1258, 1260 (9th Cir. 1992). "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *See Espinosa v. Washington Mut. Bank*, No. C 10-04464 SBA, 2011 WL 334209, at *1 (N.D. Cal. Jan. 31, 2011) (citing *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002)).

These factors weigh in favor of dismissal. Mr. Hollin did not respond to CCSF and Mr. Nuru's Motion to Dismiss in compliance with the Local Rules, failed to respond to the Court's Order to Show Cause, and then failed to file an amended complaint. With respect to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (citing *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). For the second factor, the Court must be able to manage its docket "without being subject to routine noncompliance of litigants." *Pagtalunan*, 291 F.3d at 642; *see also Ferdik*, 963 F.2d at 1261 (discussing that non-compliance with a court's order diverts "valuable time that [the court] could have devoted to other major and serious criminal and civil cases on its docket."). For the third factor, due to Mr. Hollin's failure to respond to either the Motion to Dismiss, this Court's Order to Show Cause, or file an amended complaint, he has offered no explanation for his failure. This weighs strongly in favor of dismissal. *See Espinosa*, 2011 WL 334209, at *2. With respect to the fourth factor, the Court gave Mr. Hollin an opportunity to file an amended complaint even despite his failure to respond to the motion to dismiss or the Court's Order to Show Cause. *See* Dkt. No. 24. This is sufficient to satisfy the consideration of less drastic sanctions requirement. *See Ferdik*, 963 F.2d at 1262. Although the fifth factor -- the public policy favoring disposition of cases on their merits -- might weigh against dismissal on its own, the cumulative weight of the other factors overrides it. *See Pagtalunan*, 291 F.3d at 643 (finding district court did not abuse its discretion in dismissing case where three of the five factors weighed in favor of dismissal).

**CONCLUSION**

Because Mr. Hollin was notified that his failure to file an amended complaint would lead to dismissal of this case with prejudice for failure to prosecute, and he failed to file an amended complaint within the time period allowed by the Court, the case is dismissed with prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: September 3, 2014

_____
JAMES DONATO
United States District Judge

3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR DWIGHT HOLLIN, JR.,<br><br>   Plaintiff,<br><br>   v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>   Defendants. | Case No.  14-cv-01609-JD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 9/4/2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Oscar Dwight Hollin, Jr.
642 South 52d Street
Richmond , CA 94804

Dated: 9/4/2014

Richard W. Wieking
Clerk, United States District Court

By:_____
LISA                                                    o the
Honorable JAMES DONATO

4